UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Karakashian,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>Integrity Solution Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, John Karakashian, says by way of Complaint against Defendant, Integrity Solution Services, Inc., as follows:

## JURISDICTION

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by Defendants and its agents in their illegal efforts to collect a consumer debt.

2.  This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendants' violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendants transact business in the State of New Jersey.

## PARTIES

4.  The Plaintiff, John Karakashian ("Plaintiff"), is an adult individual residing in Cinnaminson, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Integrity Solution Services, Inc. ("Integrity"), is a Missouri business entity with an address of 20 Corporate Hills Drive, St. Charles, Missouri 63301, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Integrity and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Integrity at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Sallie Mae (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Integrity for collection, or Integrity was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Integrity Engages in Harassment and Abusive Tactics

12. Within the last year, Integrity contacted Plaintiff in an attempt to collect the Debt.

13. Despite having Plaintiff's current contact information, Integrity called Plaintiff's brother and disclosed the nature of the call to him, causing Plaintiff to feel embarrassed.

14. Moreover, Integrity placed repeated collection calls to Plaintiff's wife's cellular telephone, after having been directed by Plaintiff to cease all calls to that number.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 5, 2015

        Respectfully submitted,

        By: /s/ Sofia Balile

        Sofia Balile, Esq.
        Lemberg Law, LLC
        1100 Summer Street
        Stamford, CT 06905
        Phone: (917) 981-0849
        Fax:    (888) 953-6237